

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

EDWARD DANIEL RUSSAW,           §
                Petitioner,     §
                                §
vs.                             §        Civil Action No. 4:19-02127-MGL
                                §
ACTING WARDEN KELLIE,           §
                Respondent.     §
                                §

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITIONER'S PETITION WITHOUT PREJUDICE**

Petitioner Edward Daniel Russaw (Russaw), proceeding pro se, filed this action asserting a habeas corpus claim under 28 U.S.C. § 2241. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Russaw's petition be dismissed without prejudice for lack of subject matter jurisdiction. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on June 22, 2020. Respondent Acting Warden Kellie (Kellie) filed an Objection to the Report (Objection) on July 21, 2020. The Court has reviewed the Objection but holds it to be without merit. It will therefore enter judgment accordingly.

Russaw's petition challenges his conviction under 18 U.S.C. § 922(g), for being a felon in possession of a firearm. He argues a change in the law under *United States v. Rehaif*, 139 S. Ct. 2191 (2019), adding a requirement the government prove a defendant knew of his status as a felon, undermines his conviction. As the Court noted above, the Magistrate Judge recommends dismissing the petition without prejudice for lack of jurisdiction. The Magistrate Judge, in the Report, provided an analysis of the petition on the merit, "if the district judge finds the court has jurisdiction." Report at 13 n.7.

Kellie raises a single objection, arguing the Court has jurisdiction over Russaw's petition. Kellie argues the Court should, however, adopt the Report's alternative recommendation denying the petition on the merits. Kellie argues Russaw's plea colloquy failed to include acknowledgement of any knowledge of his felon status and therefore Russaw was convicted of conduct no longer criminal. He asserts this failure means Russaw's petition meets the requirements of the savings clause under 28 U.S.C. § 2255, giving the Court jurisdiction. Kellie concurs with the portion of the Report recommending Russaw's petition be denied on the merits based on any error being harmless.

"[D]efendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through [28 U.S.C.] § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th

Cir. 2010).  The savings clause of § 2255 permits federal prisoners to pursue habeas relief under 28 U.S.C. § 2241 "only when § 2255 proves inadequate or ineffective to test the legality of detention."  *Id.* (internal quotations omitted).  The savings clause is "a jurisdictional provision," thus, a petitioner's failure to meet the requirements of the savings clause requires a court to dismiss the action for lack of subject matter jurisdiction.  *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018).

A petition under § 2255 "is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."  *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

The Magistrate Judge concluded Russaw met the first and third prongs under *Jones*, but recommended denying the petition without prejudice for lack of subject matter jurisdiction because Russaw failed to satisfy the second prong.  Kellie argues that, because the guilty plea failed to include confirmation by Russaw he knew he was considered a felon, as required under *Rehaif*, Russaw meets the requirements of the second prong.

A plain reading of the second prong identifies two elements to that prong: 1) the substantive law changed, and 2) the conduct of which the prisoner was convicted is no longer criminal.  In other words, the change has to make "previously illegal conduct no longer a source of criminal liability."  *Hahn v. Moseley*, 931 F.3d 295, 303 (4th Cir. 2019).  Importantly, "[a] knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the

offense and the material facts necessary to support the conviction." *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993).

Russaw's conduct, as deduced from the plea colloquy, is still criminal, even after *Rehaif*. Russaw admitted to possessing a gun after being convicted of a crime punishable for more than one year in prison. *See* Plea Transcript 10:4-13; 21:18-20 (the judge explaining the elements of the charge and Russaw stating he was pleading guilty). Further, as Kellie has asserted, and Russaw failed to oppose, Russaw's presentence report before the trial court indicated Russaw had served three years on the two prior felony offenses serving as the basis for his charge under 18 U.S.C. § 922(g). Thus, Russaw conduct as presented at his plea hearing, even with the change in law by *Rehaif*, remains criminal. Because Russaw fails the second prong of the *In re Jones* test, the Court concludes it lacks jurisdiction over Russaw's petition. Therefore, the Court will overrule Kellie's objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Kellie's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Russaw's petition is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

To the extent Russaw requests a certificate of appealability from this Court, that certificate is **DENIED**.


**IT IS SO ORDERED.**

Signed this 31st day of July 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the

date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.